# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| PACIFIC HIDE & FUR DEPOT, a Montana corporation, n/k/a Pacific Steel & Recycling,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | **CV-18-138-GF-BMM**<br><br>**ORDER** |

The Court originally set this matter for hearing on January 15, 2019. (Doc. 8.) For the reasons stated below, the Court deems it appropriate to decide this matter without a hearing.

## BACKGROUND

Plaintiff Pacific Hide & Fur Depot n/k/a Pacific Steel & Recycling ("Pacific") filed its Original Complaint against Defendant Navigators Specialty

1

Insurance Company ("Navigators") in the Montana Eighth Judicial District Court, Cascade County, on September 9, 2015. (Doc. 1-1.) Pacific plead the following causes of actions in its Original Complaint: Breach of Contract, Declaratory Judgment, and Violation of the Unfair Trade Practices Act. *Id.* at 4-6.

The Original Complaint alleges facts that would support the exercise of diversity jurisdiction by this Court pursuant to 28 U.S.C. § 1332(a). The Original Complaint alleges that Pacific exists as a "corporation organized under the laws of the State of Montana." *Id.* at 1. The Original Complaint alleges that Navigators is not incorporated in Montana. *Id.* at 2. The Original Complaint further alleges that the insurance policy in dispute exceeds $75,000 as the policy limits operation and site coverage to $1,000,000 per incident. (Docs. 1-1 at 1-3, 7 at 8.)

Pacific timely served the Montana Insurance Commissioner ("Commissioner") with the summons and Original Complaint on September 5, 2018. (Doc. 1-2 at 2.) Pacific's service of the Original Complaint on the Commissioner satisfied the requirements of Montana Code Annotated § 33-1-603. The Commissioner mailed Navigators the summons and Original Complaint on September 6, 2018. (Doc. 1-2.) Navigators received the summons and Original Complaint on September 11, 2018. *Id.*

Pacific timely filed an Amended Complaint on September 25, 2018. (Doc. 1-3 at 3.) Pacific served the Amended Complaint on Navigators via UPS Next Day

Air on September 25, 2018. *Id.* at 1. Navigators received the Amended Complaint on September 27, 2018. (Doc. 1-3.)

The Amended Complaint incorporates the denial letter that Navigators sent to Pacific between the filing of Pacific's Original Complaint on September 9, 2015, and the service of Pacific's Original Complaint on Navigators on September 5, 2018. (Docs. 1-3 at 3, 7 at 3.) The Amended Complaint, similar to the Original Complaint, maintains that Pacific exists as a Montana corporation. (Doc. 1-3 at 3-5.) The Amended Complaint likewise continues to allege that Navigators fails to exist as a Montana corporation. *Id.* And finally, the Amended Complaint alleges that the disputed insurance policy limits coverage to $1,000,000 per incident. *Id.*

Navigators filed its Notice of Removal to this Court on October 25, 2018. (Doc. 1.) Pacific filed the instant Motion to Remand on November 21, 2018. (Doc. 6.) Pacific asserts that the Original Complaint, rather than the Amended Complaint, serves as the initial pleading for purposes of setting Navigators' thirty-day removal deadline. *Id.* at 7. Pacific points out that all elements necessary to establish diversity jurisdiction pursuant to 28 U.S.C. §1332(a) could be ascertained directly from the allegations on the face of the Original Complaint. *Id.* Pacific contends that Navigators removal deadline expired on September 11, 2018—thirty days after Navigators received the Original Complaint. *Id.* at 3. Pacific argues that

Navigators' removal of the case from the Montana Eighth Judicial District Court to this Court on October 25, 2018, proves untimely. *Id.*

Navigators requests that this Court deny Pacific's Motion to Remand. (Doc. 9.) Navigators argues that the Amended Complaint, as opposed to the Original Complaint, triggered the thirty-day removal deadline. *Id.* at 2. Navigators further contends that equitable considerations support denial of Pacific's Motion to Remand. *Id.* at 5. Navigators claims that curbing its "duty to file a notice of removal" from thirty days to sixteen days—the amount of time between its receipt of the Original Complaint and its receipt of the Amended Complaint—would be inequitable. *Id.* at 6.

## DISCUSSION

### I. Removal Deadline.

Federal law provides a defendant with thirty days after its receipt of the initial pleading, through service or otherwise, to remove a civil action to federal court. 28 U.S.C. § 1446(b)(1). The thirty-day removal deadline commences when the initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (internal quotations omitted).

The filing of an amended pleading commences the thirty-day removal deadline only when it is not ascertainable from the face of the initial pleading that the case would be removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)). A defendant's untimely filing of its notice of removal constitutes a procedural defect that necessitates remanding the case to the state court if the plaintiff timely files its motion to remand. *See* 28 U.S.C. § 1447(c); *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992); *Lassiter v. Coxcom, Inc.*, 2008 WL 4646334, at *2 (S.D. Cal. Oct. 20, 2008).

Pacific's Original Complaint alleged that Pacific is a Montana corporation, that Navigators is incorporated outside of Montana, and that the insurance policy limited coverage to $1,000,000 per incident. (Doc. 1-1 at 1-3.) The Original Complaint, on its face, alleges facts necessary for federal court jurisdiction. *Harris*, 425 F.3d at 691 (citing *Chapman*, 969 F.2d at 163). The Amended Complaint, like the Original Complaint, alleged the exact same facts that give rise to federal court jurisdiction. (Doc. 1-3 at 3.) The Original Complaint, as the initial pleading, controls Navigators' thirty-day removal deadline. *See* 28 U.S.C. § 1446(b).

Navigators received the Original Complaint on September 11, 2018. (Doc. 1-2.) Navigators had thirty days, until October 11, 2018, to file its notice of removal. *See* 28 U.S.C. § 1146(b). Navigators filed its notice of removal on October 25, 2018—forty-four days after it had received the Original Complaint

and fourteen days past its removal deadline. (Doc. 1.) Navigators notice of removal proves untimely under these circumstances.

## II. Equitable Considerations.

Navigators contends, in effect, that Pacific gamed the system to defeat removal through Pacific's delay in its service of the Original Complaint and Pacific's filing of the Amended Complaint. (Doc. 9 at 6-8.) Navigators cites to a series of mostly unpublished, out-of-circuit decisions that possess no similarity to the facts and circumstances presented here.

Navigators first cites *Wise v. Gallagher Bassett Services, Inc.*, 2002 WL 2001529 (D. Md. 2002), for the proposition that Congress failed to account for the use of manipulative amended pleadings when it enacted a statute that required a party to remove an action to federal court within thirty days of having received the initial pleading. (Doc. 9 at 4.) The plaintiff in *Wise* filed a complaint and *three* amended complaints. *Wise*, at *1 (emphasis added). The first three complaints alleged an amount in controversy of $75,000. *Wise*, at *1. The fourth and final amended complaint, filed well after the expiration of the removal deadline, alleged, for the first time, an amount in controversy of $750,000. *Id*. Pacific, unlike the plaintiff in *Wise*, filed a single Amended Complaint that alleged the same amount in controversy as did the Original Complaint.

Navigators next cites *Berbig v. Sears Roebuck and Co., Inc.*, 568 F.Supp.2d 1033, 1038 (D. Minn. 2008), to suggest that courts have "implied" that equitable reasons support denial of motions to remand. (Doc. 9 at 5.) The plaintiff in *Berbig* resided in Minnesota—the same state where he purchased the defective lawn mower from Sears that caused his injury. 568 F.Supp.2d at 1034. The plaintiff's injury likewise occurred in Minnesota and he received medical treatment for his injuries in Minnesota. *Berbig*, 568 F.Supp.2d at 1034-35. The plaintiff filed his action against Sears in Illinois—the location of Sears Roebuck's principal place of business—despite that the facts underlying the lawsuit rendered Minnesota as a more appropriate forum. *Id*. The plaintiff's decision to file in Illinois precluded Sears from removing the case to federal court due to the "in state defendant rule" under 28 U.S.C. § 1441(b). *Id.* at 1034. The Illinois state court granted a motion to dismiss, however, on the ground of *forum non conveniens*. *Id.*

The plaintiff refiled the matter in state court in Minnesota. *Id.* at 1035. The Minnesota complaint, similar to the Illinois complaint, alleged all of the elements necessary to support diversity jurisdiction. *Id.* Sears Roebuck removed the complaint to federal court. *Id.* The plaintiff filed a motion to remand based on the expiration of the one-year limit in 28 U.S.C. §1446(b). *Id.* The district court rejected the plaintiff's claim out of hand. *Id*. The one-year limit serves to discourage removal once substantial progress has been made in the state court

7

litigation. *Id.* at 1038. Nothing beyond the filing of the complaint in Illinois and the accompanying dismissal fight had transpired in the litigation. *Id.*

Navigators finally relies on *Chavez v. Time Warner Cable LLC*, 2016 WL 7647559 (C.D. Cal. 2016), wherein the Court recognized equitable exceptions to removal deadlines. (Doc. 9 at 5.) A disgruntled employee filed a putative class action in California state court that included an alleged wage-and-hour violation under the California Private Attorney General Act ("PAGA"). *Chavez*, at *1. Time Warner removed the action to federal court based on the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). *Id.*

The plaintiff responded to the removal by filing an amended complaint that omitted the PAGA claim. *Id.* This omission, in turn, dropped the amount in controversy below the threshold amount required for a claim in federal court under CAFA. *Id.* The federal court granted the plaintiff's motion to remand to state court. *Id.* Plaintiff immediately filed a second amended complaint that revived the PAGA claim. *Id.* The defendant for a second time sought to remove the case to federal court. *Id.* After considerable procedural wrangling and an appeal to the Ninth Circuit, the court addressed plaintiff's motion to remand based upon the lapse of the one-year deadline as dictated by 28 U.S.C. §1446(a). *Id.* at *2. The court declined to remand the matter back to state court in light of the plaintiff's repeated

efforts to avoid federal jurisdiction that the court derided as a "ploy to evade removal" by waiting out the clock. *Id.* at *8.

Pacific has engaged in no similar ploy to evade removal in this case. The manipulations and efforts to avoid federal jurisdiction discussed in the cases cited by Navigators exceed by several orders of magnitude any actions of Pacific in this case. Pacific waited nearly 3 years, as allowed by statute, between its filing of the Original Complaint and its service of the Original Complaint on Navigators. *See* (Docs. 1-1, 1-2.) The Court assumes, as evidenced by the denial letter discussed in the Amended Complaint, that the parties engaged in discussions regarding the scope of any insurance coverage, policy limits, and potential settlements, during this period. *See* (Doc. 1-3.) The Court senses no nefarious intent to manipulate removal deadlines from this delay.

Pacific timely filed its Amended Complaint twenty days after having served its Original Complaint. (Doc. 7 at 2-3.) Both the Original Complaint and the Amended Complaint contained allegations that would support the Court's exercise of diversity jurisdiction. (Docs. 1-1 at 2-3, 1-3 at 4-5.) And, despite Navigators contentions otherwise, no equitable considerations support denial of Pacific's Motion to Remand.

Accordingly, IT IS ORDERED that Pacific's Motion to Remand (Doc. 6) is GRANTED.

9

IT IS ORDERED that Pacific Hide & Fur Depot, a Montana Corporation, n/k/a Pacific Steel Recycling v. Navigators Specialty Insurance Company, Cause No. CV-18-138-GF-BMM, is REMANDED to Montana's Eighth Judicial District Court, Cascade County.

IT IS FURTHER ORDERED that the hearing on Pacific's Motion to Remand set for January 15, 2019, 1:30 p.m., is VACATED.

IT IS FURTHER ORDERED that the Preliminary Pretrial Conference set for January 15, 2019, at 1:30 p.m., is VACATED.

DATED this 7th day of January 2019.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge